Rutberg J.
Duane Tocco rented a car from Revolution Rent A Car on December 13, 2001; eighteen days later, he reported that he was involved in a one-car collision. Mr. Tocco maintained automobile collision insurance coverage from Premier Insurance Company under a standard Massachusetts Automobile Insurance Policy; but Premier refused to pay Revolution’s property damage claim because of Mr. Tocco’s repeated failure to provide Premier with a statement under oath regarding the accident, as required by the policy. Revolution brought an action against Premier and Mr. Tocco to recover for the damage to the vehicle; and both Revolution and Premier made cross motions for summary judgment. The trial court allowed Premier’s motion for summary judgment against Revolution and Revolution’s motion for summary judgment against Mr. Tocco. Revolution appeals from the allowance of Premier’s motion.
The facts as set forth above are not in dispute. Revolution’s appeal is based on its claim that Premier was not prejudiced by its inability to obtain Mr. Tocco’s statement under oath as Premier was able to take Mr. Tocco’s deposition. Revolution cites Darcy v. The Hartford Ins. Co., 407 Mass. 481 (1990), in support of its contention that, absent prejudice, the failure to comply with the insurance contract’s requirement to provide a statement under oath is not the basis for denying coverage. On the other hand, Premier cites Mello v. Hingham Mut. Fire Ins. Co., 421 Mass. 333 (1995), as precedent for the proposition that the presence or absence of actual prejudice is irrelevant because a statement under oath, if demanded by an insurer, becomes a condition precedent to coverage.
The Supreme Judicial Court held in the Darcy case that:
Under current law, breach of the duty to cooperate on the part of an insured must be ‘substantial and material’ before it permits an insurer to disclaim liability [citations omitted], A showing of prejudice ... has not previously been expressly required [citations omitted]. The vast majority of jurisdictions... have decided that actual prejudice to an insurer’s interest ... must be demonstrated before a denial of coverage will be permitted, and we conclude that that should be the rule here as well.
*156 Darcy v. The Hartford Ins. Co., supra, at 488-489. At first blush, this holding tends to support Revolution’s claim; however, the Supreme Judicial Court narrowed the applicability of the Darcy ruling to cases where an insurer denies coverage based upon the insured’s failure to timely notify the carrier of a loss. Mello v. Hingham Mut. Fire Ins. Co., supra, at 336-337. The Mello Court specifically held that the insured’s obligation to submit to a reasonable request for a statement under oath is a condition precedent to the insurer’s liability irrespective of a showing of prejudice to the insurer. Id. at 337. The Court clearly distinguished its holding in Mello from its previous one in Darcy.
Therefore, the only remaining issue is whether or not Premier’s request for Mr. Tocco’s statement under oath was reasonable. The motion judge was presented with evidence that Mr. Tocco had provided three written accounts of the underlying accident in which he claimed he hit the guardrail as he attempted to swerve to avoid an unidentified vehicle. Yet the State Police report, made after the investigating trooper had conversations with Mr. Tocco, makes no mention of any other vehicle. The motion judge was also informed that Mr. Tocco had made nineteen automobile insurance claims in the two years preceding the incident which gave rise to this action, of which nine involved rental vehicles and three of those were vehicles rented from Revolution. In light of Mr. Tocco’s driving record at the time, there is no basis to question the motion judge’s determination that Premier’s request for a statement under oath was reasonable.
Additionally, the motion judge had been informed that Premier had scheduled Mr. Tocco’s examination under oath on three separate occasions in mid-2002 before it denied coverage. The fact that Mr. Tocco appeared two years later at a deposition taken by Revolution’s attorney is not a substitute for submitting to an examination under oath and it does not satisfy the condition precedent to Premier’s coverage. Id. at 337.
The decision of the trial court is affirmed.